On the Merits.
Edward J. Gay & Co. claim a privilege as furnishers of supplies and cash for the crop of 1873, standing at the time of the sale, June 7,1873.
The Citizens’ Bank is a conventional mortgage creditor, next in rank to plaintiff, and its mortgage was recorded on January 27, 1868.
The Citizens’ Bank opposes the privilege claim set up by Edward J. Gay & Co. on the following grounds :
First — The crop of 1873 on the Felicitó plantation, at the time of the sale, was a standing crop, an immovable and part of the land, Revised Code 465, and, therefore, it was subject to the bank’s mortgage.
*245 Second — Edward J. Gay & Co.’s privilege having been recorded on the second of June, 1873, and resting on .an open account, dated April 23, 1873, was recorded too late to affect the Citizens’ Bank mortgage over the crop as part of the immovable — the plantation.
Tim'd — The inscription of said privilege was defective in not containing a description of the property affected thereby.
By article 3217 Revised Code the furnishers of supplies or cash actually used for the cultivation of a plantation have a privilege on the crops of that year, and it shall not be divested by any prior mortgage, whether legal, conventional, or judicial, or by any seizure and sale of the land while such crops are on it and such privilege bears on the growing crops.
Article 123 of the constitution provides, among other things, that “ no mortgage or privilege shall hereafter affect third parties, unless recorded in the parish where the property to be affected is situated and “the General Assembly shall provide by law for the registration of all mortgages and privileges.”
In the Revised Code, under the title “How privileges are preserved and recorded,” we find the following articles :
3273 — “ Privileges are valid against third persons from the date of recording of the act or evidence of indebtedness as provided by law.”
3274 — “ No privilege shall have effect against third persons, unless recorded in the manner required by law in the parish where the property to be affected is situated. It shall confer no preference on the creditor who holds it over creditors who have acquired a mortgage, unless the act or other evidence of the debt is recorded on the day the contract was entered into.”
As against the Citizens’ Bank holding a conventional mortgage recorded in January, 1868, Edward J. Gay & Co. have no preference for the supplies they furnished the defendant from January till April 23, 1873, because their claim was not recorded on “the day the contract was entered into.” They failed to comply with the requirement of article 3274, and, therefore, are not entitled to the preference it accords. Privileges are stricti jivris, and persons desiring to affect third parties therewith must register them iu the manner required by law.
The counsel of Edward J. Gay & Co. insists that, as under article 3273, privileges have effect as to third persons from the date of registry, that article should govern this case; if otherwise, great inconvenience will result, and parties will be forced to go to the place where the property is situated to contract, so the act may be recorded on the same day.
Construing articles .3273 and 3274 so as to give effect to both, we conclude that privileges have effect as to third persons generally from *246 the date of their registry; but for a privilege to have a preference over an existing mortgage it must be recorded on the day the contract out of which it arises was entered into.
' As against ordinary creditors, Edward J. Gay & Co., acquired a preference under article 3273 from the day of the registry of their claim, ■
To oust prior mortgage creditors or to acquire a preference over them, these privilege creditors, however inconvenient, should have recorded their privilege on the day the contract was made, or the day it was acquired, because this was required in the unambiguous language of article 3274.
And this was the view of the law taken by this court in the cases of Foley v. Hagan, 23 An. 286, and Marmillon v. Archinard, 24 An. 610. See also 23 An. 271, 694; 25 An. 232 ; 26 An. 80. See also Dunning v. Coleman, lately decided.
In regard to the inconvenience that may arise from this interpretation of the law the court is not responsible, since it can only decide what the law is, not what it should be.
Our conclusion is that the Citizens’ Bank has a preference over Edward J. Gay & Co. on the funds in controversy.
It is therefore ordered that the judgment herein be amended so as to reject the demand of the opponents, Edward J. Gay & Co., with costs, and to require the funds remaining, after the settlement of plaintiff’s execution, costs and all taxes, as fixed in the decree herein, to be paid over to the Citizens’ Bank, in part payment of its mortgage and as amended that the judgment be affirmed, Edward J. Gay & Co., paying-costs of this appeal.
Eehearing refused.